14852

LANE v. HOME INS. CO. *ET AL.*

(2 S. E. (2d), 30)

*Messrs. Fred B. Helms* and *E. H. Henderson,* for appellant, Home Insurance Co.,

*Messrs. Kearse & Kearse* and *B. D. Carter,* for respondent, M. M. Lane,

*Mr. C. W. McCants,* for respondent, Universal Credit Co.

*Messrs. Lide & Felder,* for respondent, Horne Motors, Inc.

March 29, 1939.

The opinion of the Court was delivered by MR. JUSTICE BAKER.

On March 12, 1938, respondent commenced an action in tort in the Court of Common Pleas for Bamberg County against the appellant, Universal Credit Company and Horne Motors, Inc., as defendants, alleging in the complaint that the defendant, Horne Motors, Inc., was the agent of appellant and Universal Credit Company. Horne Motors, Inc., is a South Carolina corporation with its principal place of business in the City of Orangeburg, County of Orangeburg. The other defendants are foreign corporations.

On March 26, 1938, the above-named defendants served on plaintiff a notice of a motion for a change of venue from Bamberg County to Orangeburg County.

On March 29, 1938, and before the date the venue motion was noticed to be heard, and before any answers had been

served, respondent amended his complaint by eliminating as defendants Horne Motors, Inc., and Universal Credit Company, and attached to the amended complaint was a new summons in and on which the names of the two defendants last above named did not appear. This "amended complaint" and new summons were served on appellant on March 29, 1938, and copies thereof, together with a notice that Universal Credit Company and Horne Motors, Inc., had been eliminated as defendants, were mailed to the last-mentioned parties to the original action.

On April 1, 1938, the appellant, under and with a reservation of its rights, served an answer to the original complaint, which answer was a general denial of each and every allegation of the complaint.

On April 5, 1938, an order consented to by the attorneys for respondent, the attorneys for Horne Motors, Inc., and the attorneys for Universal Credit Company, was passed by Honorable G. Duncan Bellinger, Circuit Judge, while holding Court at Aiken (in the same judicial circuit as Bamberg County) dismissing said two original defendants as parties to the action. Appellant had no notice that such an order was going to be applied for, and had no knowledge of the order until after it was passed.

On April 16, 1938, appellant gave notice of a motion to be heard before Judge Bellinger, to revoke and set aside his order of April 5, 1938; and also for an order striking out the amended complaint. No grounds are stated in the notice of the motions. These motions were heard before Judge Bellinger on April 25, 1938, at the April term of the Court of Common Pleas for Bamberg County, and refused.

On May 28, 1938, appellant, "specially reserving all rights under each of the motions filed and its objections and exceptions to the order" of Judge Bellinger of date April 25, 1938, served its answer to the amended complaint. At the same time (May 28, 1938), appellant served notice of a motion to bring in Horne Motors, Inc., and Universal

Credit Company, as necessary and proper parties, and this notice was served on said proposed parties-defendants.

This motion was heard before Honorable H. F. Rice, presiding Judge, at the July (1938), term of the Court of Common Pleas for Bamberg County, and thereafter in an order dated August 5, 1938, refused.

The appeal in this case is from the orders of Judge Bellinger and Judge Rice, dated April 25, 1938, and August 5, 1938, respectively.

The appellant states the "Questions Involved" as follows:

"1. May an order affecting the rights of a party to the action be granted without notice to him?

"2. May a complaint be amended as of course, without notice to defendant, under section 493 of the Code, by eliminating and dismissing from the action other defendants, or may that be done only by the Court, under section 494 of the Code, after notice to all parties and a hearing thereon?

"3. Did not plaintiff waive any possbile right to amend as of course, by applying to the Court for an order dismissing certain defendants?

"4. Are not Universal Credit Company and Horne Motors, Inc., necessary or proper parties to the action?"

Under the facts of this case Question No. 1 is not before the Court only insofar as it is encompassed by Question No. 2.

Question No. 2 relates entirely to the order of Judge Bellinger. After setting out a brief history of the litigation, the order continues:

" * * * . The complaint was amended under the provisions of section 493 of the Code, which section permits the plaintiff to amend his complaint within twenty days after it is served as a matter of course, without prejudice to the proceedings already had, and without applying to the Court.

"It appears that several days after the amended complaint was served, the attorneys for the Universal Credit Company

and Horne Motors, Inc., prepared a proposed order formally dismissing the said defendants. This order was consented to by the attorneys for the plaintiff and was signed by me while presiding over the Court at Aiken, and I mailed the same to C. W. McCants, Esq., Columbia, S. C., on April 4th, or April 5th. The order is not dated, but from affidavits filed in the record I find that the order was not prepared until some days after the amended complaint had been served, and was mailed at Orangeburg, S. C., on April 4th, addressed to me at Aiken, hence, the order could not have been signed before April 4th, and was most probably signed on April 5th.

"The attorney for the plaintiff (defendant?) relies upon the case of *Dunbar v. Fant,* 174 S. C., 49, 176 S. E., 866, which held that the plaintiff in that case waived his right to amend, as of course, under section 493 by applying to the Court for leave to amend. In my opinion that case is not in point for the reason that in the case at bar the plaintiff did not apply to the Court for leave to amend, but amended his complaint as a matter of course under Section 493, a week before the order in question was signed. The order signed by me on or about April 5th, in no way affected the rights of the plaintiff to amend his complaint. It appears that the order was proposed by the attorneys for the defendants which had been eliminated as defendants in the amended complaint, and was merely consented to by the plaintiff's attorneys."

The appellant takes the position that a pleading under Section 493 of the Code can be amended only as to the allegations thereof, and that it requires an order from the Court under Section 494 of the Code to enable a plaintiff to add to or strike out the name of any party to the suit. When the two sections are read together, it will readily be seen that Section 494 supplies a method of amending after the time had expired in which a pleader has the right to amend of course; and this Court has held that Section 493 is not limited in its application by the terms of

Section 494. *Mallard Lumber Co. v. Carolina Portland Cement Co.*, 134 S. C., 228, 132 S. E., 614.

From the history of this litigation respondent's counsel have very aptly and accurately stated that "even if it be conceded that the plaintiff should have applied to the Court, under Section 494 of the Code, for permission to dismiss the Universal Credit Company and Horne Motors, Inc., as defendants, we submit that the same result was obtained when the appellant moved before Judge Rice to have the said Universal Credit Company and Horne Motors, Inc., made parties to the action. The appellant had an opportunity to present the same argument for making these parties defendants as he would have had to oppose a motion to dismiss them as parties. Judge Rice, after hearing all phases of the case presented, came to the conclusion that the Universal Credit Company and Horne Motors, Inc., were not necessary parties to the action, * * *."

Another reason for affirming the order of Judge Bellinger lies in the fact that respondent, subject to the discretion of the Court when affirmative relief was not sought by the defendant-appellant, had the right to take a voluntary nonsuit on the original complaint or in the original action. Had the respondent thus proceeded and commenced anew a proceeding against appellant alone, the exact situation would now exist, except for the complaint being designated "amended complaint." The designation of a pleading is not necessarily controlling. *Fogel v. McDonald*, 159 S. C., 506, 157 S. E., 830.

Question No. 3 is not warranted by the facts. Indeed, the contention of appellant that respondent applied to the Court for an order dismissing certain defendants is set at rest by the order of Judge Bellinger.

Question No. 4 resolves itself into whether Universal Credit Company and Horne Motors, Inc., were necessary parties to the action. If they were only proper parties, it was discretionary with the Circuit

Judge to require that they be made parties to the action, and the record does not disclose that there has been an abuse of this discretion vested in the Judge.

In passing upon the issue if Universal Credit Company and Horne Motors, Inc., were necessary parties, we quote with approval from the order of Judge Rice: " * * * It will hardly be denied that where any one is injured through the negligence or wrong doing of one who at the time of the injury was acting in the transaction with a third party as principal, the person suffering the injury may sue either the agent or principal or may join them both. In the present case the plaintiff has elected to sue the principal alone. The agent is not a necessary party. The issue here is purely one of whether or not the defendant is liable in damages to the plaintiff."

In *Little v. Robt. G. Lassiter & Co.,* 156 S. C., 286, 153 S. E., 128, it is held: "(1) Where one acting as agent for another, within the scope of his agency, commits a tort, both the principal and the agent are joint tort-feasors; and (2) the injured party is not obliged to join both joint tort-feasors in his action, but he may sue either singly." And in *Halsey v. Minn.-S. C. Land & Timber Co.,* 174 S. C., 97, 120, 177 S. E., 29, 100 A. L. R., 1, on this issue, the *Little-Lassiter case* is quoted with approval.

All exceptions are overruled and the orders appealed from are affirmed.

Mr. Chief Justice Stabler and Messrs. Justices Bonham and Fishburne concur.

Mr. Justice Carter did not participate on account of illness.