**Ruby H. CAUSEY, Administratrix of the Estate of Lucille Cook Huggins, Plaintiff,**

v.

**William BURGESS and Loris Motor Company, Defendants.**

**Civ. A. No. 8451.**

United States District Court
E. D. South Carolina,
Florence Division.

Dec. 18, 1964.

Herbert Britt, Dillon, S. C., William J. McLeod, Dillon, S. C., Yarborough & Nettles, Florence, S. C., for plaintiff.

Winston W. Vaught, Conway, S. C., for defendant Burgess.

Bridges & Bridges, Florence, S. C., for defendant Loris Motor Co.

SIMONS, District Judge.

Action was brought against defendants as joint tort feasors for wrongful death and conscious pain, suffering and medical expenses suffered by plaintiff's intestate, as result of automobile collision occurring in Eastern District of South Carolina on or about September 14, 1958. Complaint alleged that defendant Burgess on subject occasion was driver of adverse vehicle while acting within scope of his employment and as agent for defendant Loris Motor Company.

Defendants filed motion to dismiss upon ground that this court does not have jurisdiction, in that there is not the necessary diversity of citizenship between plaintiff and defendant William Burgess as required by 28 U.S.C.A. § 1332.[1] This motion was heard in Charleston, South Carolina on October 21, 1964.

At the hearing counsel for plaintiff admitted that defendant William Burgess and plaintiff are both residents of North Carolina and that, therefore, this court would not have jurisdiction of action as originally brought. However, with permission of the court, plaintiff noted and filed motion for voluntary dismissal as to defendant William Burgess. In his brief counsel for defendant Loris Motor Company contends that suit was originally brought against both defendants as joint tort feasors and, therefore, liability is joint and both defendants are necessary parties to the action. Counsel also avers that defendant Loris Motor Company may make William Burgess an indispensable party to the action when defensive pleadings are filed.

Under the doctrine of Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, the law of South Carolina determines the substantive rights of the parties, while the federal rules determine procedural questions.

The law is well established in South Carolina that " * * * [1] Where one acting as agent for another, within the scope of his agency, commits a tort, both the principal and the agent are joint tort feasors; and [2] the injured party is not obliged to join both tort feasors in his action, but he may sue either singly." Little v. Robt. G. Lassiter & Co., 156 S.C. 286, 153 S.E. 128.

In Lane v. Home Ins. Co. et al., 190 S. C. 84, 2 S.E.2d 30, South Carolina Supreme Court held that plaintiff was entitled to voluntarily dismiss two of three defendants named as joint tort feasors, and proceed against third defendant alone even after defendants had served on plaintiff notice of motion for change of venue based upon the location of principal place of business of one of dismissed defendants.

An agent is not a necessary or indispensable party in suit against his principal for acts committed by former within scope of his employment. Lane v. Home Ins. Co. et al., supra.[2] It is likewise well established that the courts will not permit one joint tort feasor defendant, against the consent of plaintiff, to bring into the action other joint tort feasors where plaintiff has elected to proceed against one such defendant singly. To allow such action would interfere with the established, well recognized right of a plaintiff to sue one or more joint tort feasors at his election.[3]

---

1. 28 U.S.C.A. § 1332 provides in part that district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds $10,000 and is between citizens of different states. The complaint alleges plaintiff administratrix to be a resident of North Carolina and defendant Burgess to be a resident of South Carolina.

2. See also: Little v. Lassiter & Co., supra; Deas v. Rock Hill Printing & Finishing Co. et al., 171 S.C. 58, 171 S.E. 20; Hills v. Price, 79 F.Supp. 494 [E.D.S.C.1948]. Simon v. Strock, 209 S.C. 134, 39 S.E.2d 209, 168 A.L.R. 596.

3. See cases cited in note 2, supra.

 Under the cases it is clear that plaintiff in a state court action is entitled to obtain a voluntary dismissal against defendant William Burgess and proceed against Loris Motor Company alone. This court is bound by such law. Erie R. Co. v. Tompkins, supra.

In his motion to dismiss defendant Burgess, plaintiff does not specify under which of the Federal Rules he is proceeding. However, in Weaver v. Marcus, 165 F.2d 862, 175 A.L.R. 1305, [1948], the Fourth Circuit held that plaintiff's move under authority of Rule 21, F.R.Civ.P.[4] to dismiss a party defendant in order to achieve requisite diversity of citizenship for federal jurisdiction was proper, and that the determination of the question was addressed to sound discretion of the court. During argument of the Weaver case, supra, before the district judge defendants asserted that if a party defendant were dropped pursuant to plaintiff's motion, other defendants would have right to insist that such eliminated defendant be brought in as a party defendant under Rule 14.[5] In reply to this contention the Fourth Circuit stated:

> "We think the other defendants had no such right. In Baltimore & Ohio Railroad Co. v. Saunders, 4 Cir., 1947, 159 F.2d 481, 484, Circuit Judge Parker said: 'The rule should be liberally construed, but not in such a way as to permit a practice which transcends the limits of federal jurisdiction. See rule 82 * * While there is conflict in the decisions, the weight of authority is to the effect that a defendant cannot compel the plaintiff, who has sued him, to sue also a third party whom the [plaintiff] does not wish to sue. * * * And this is certainly true where the effect of the joinder of the third party defendant would be to oust the court of jurisdiction.' "

In accordance with the foregoing, it is Ordered: [1] That plaintiff's motion to dismiss defendant Burgess is granted; [2] That defendants' motion to dismiss subject action for lack of necessary diversity of citizenship between parties is overruled.

---

4. Rule 21 provides: "Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately."

5. Rule 14 provides when defendant as third party plaintiff may bring in third party defendant.