Nicolaos **KARAKATSANIS**, Plaintiff,

v.

**CONQUESTADOR CIA. NAV., S.A., A. Lusi Ltd., Argonaut Trading Agency, Inc., and Ocean Freight & Brokerage, Inc., Defendants.**

United States District Court
S. D. New York.

Feb. 15, 1965.

George Spiros, New York City, for plaintiff.

Poles, Tublin & Patestides, New York City, for defendants.

McLEAN, District Judge.

This is an action at law by a Greek seaman to recover damages for personal injuries which he allegedly sustained on September 26, 1963 while he was employed aboard the S. S. Constantinos, a vessel of Greek flag and registry, owned by a Panamanian corporation. The vessel was in navigable waters off Tampa, Florida, at the time of the accident.

The complaint alleges that plaintiff is a Greek national, that defendant Conquestador Cia. Nav., S.A. ("Conquestador") is a Panamanian corporation, that defendant A. Lusi Ltd. ("Lusi") is a British corporation, and that defendants Argonaut Trading Agency, Inc. ("Argonaut"), and Ocean Freight & Brokerage, Inc. ("Ocean") are New York corporations. It alleges further (Paragraph Fifth) that "the defendants owned, operated, managed and controlled a certain vessel known as the S. S. Constantinos." It also alleges (Paragraph Sixth) that "all of the defendants and each of them had a principal place for the regular transaction of business in the Borough of Manhattan, City and State of New York, or agents authorized to represent the defendants for the regular transaction of business."

Jurisdiction of the subject matter of this action is alleged to be founded on the Jones Act, the "General Maritime Law," and diversity of citizenship of the parties.

Defendants move to dismiss the action on the grounds of (1) lack of jurisdiction over the persons of defendants Conquestador and Lusi, (2) lack of jurisdiction over the subject matter, and (3) forum non conveniens. The motion is supported by a number of affidavits, i. e., affidavits of an officer of Conquestador, a director of Lusi, an officer of Argonaut, an officer of Ocean, a director of the Greek Shipping Agency, Ltd., an American lawyer and a Greek lawyer. In opposition to this array, we have only an affidavit signed by plaintiff, who obviously has no personal knowledge as to the relationship among the corporate defendants. His affidavit contains no facts, as distinguished from conclusions, to support the allegations of Paragraphs Fifth and Sixth of his complaint quoted above. The facts disclosed by the moving affidavits are as follows:

Conquestador is a Panamanian corporation. Its officers, directors and stockholders are Greeks, residing in Greece. Its principal place of business is in Athens. It also has an office in Panama City. It owns the S. S. Constantinos, a tramp steamer.

Lusi is a British corporation. Its directors reside in London. None of its directors or stockholders resides in the United States or is a citizen of the United States. The office of the corporation is in London. It is general agent of Conquestador and as such manages and directs the operations of the Constantinos.

From September 22, 1963 to September 29, 1964, the Constantinos traded about the world. During the course of that year it touched twice at American ports, at Tampa, Florida, in September 1963, when plaintiff's accident allegedly occurred, and at Houston, Texas, in September 1964.

Argonaut is a New York corporation. Its office is in New York. Its business is that of a "shipping agent." When vessels managed by Lusi call at American ports, Argonaut, at the request of Lusi, acts "as local agent" for the vessel. When the Constantinos called at Tampa in Sep-

tember 1963, Argonaut arranged for a "subagent" in Tampa to attend to "the customary formalities and matters dealing with the normal business of the vessel" in that port. It does not appear what, if anything, Argonaut did when the Constantinos called at Houston in September 1964. Argonaut is not authorized to accept service of process on behalf of Conquestador or Lusi.

Ocean is a New York corporation. Its office is in New York. It is in the business of "chartering brokers." It arranges for chartering American and foreign vessels. "On occasion," just when does not appear, it has arranged for chartering the Constantinos. It has never operated or managed that vessel. It is not authorized to accept service of process on behalf of Conquestador or Lusi.

Plaintiff is a Greek national. On November 17, 1962, at Pylos, Greece, he signed a contract of employment, under which he undertook to serve as a seaman on the Constantinos. On November 18, 1962, at Pylos, he signed the ship's articles. Both the contract and the articles provide that his employment was upon the terms of the Greek collective bargaining agreement applicable to Greek seamen. That agreement provides:

> "1. Individual contracts of employment, on which the present Collective Agreement applies, will be governed exclusively as to any claim or right arising out of the seafarer's employment, including claims on account of illness or accident, by the provisions of the present Collective Agreement and Greek Law, being judged exclusively by the competent Greek Authorities and Greek Law Courts, resort to any foreign Courts and to any foreign law being prohibited and expressly ruled out."

Greek law provides some remedy for Greek seamen who are injured in the course of their employment. From the affidavit of the Greek lawyer submitted by defendants, it would appear that this remedy in essence is similar to workmen's compensation, with some right of election, under certain circumstances, to sue for a larger sum.

Plaintiff left the Constantinos on October 3, 1963, at Tampa, Florida, and was admitted to a hospital there. A Tampa doctor recommended that he be returned to Greece for appropriate medical care. Argonaut undertook to arrange this. Plaintiff was sent to New York so that he could be shipped from New York to Greece. Such a course was manifestly unacceptable to plaintiff. A series of incidents took place involving a stay in a New York hospital and alleged restraint of plaintiff in a straitjacket. The net upshot is that plaintiff has not gone back to Greece and is still in New York. Plaintiff claims that he is now a New York resident. Defendants say that, on the contrary, he is merely sojourning in this country as an alien seaman at the sufferance of the immigration authorities, subject to deportation whenever they so require.

The purported service of process upon defendants Conquestador and Lusi was made by delivering copies of the summons and complaint, on October 20, 1964, to the president of Argonaut. Defendants Conquestador and Lusi assert, as the first ground of their motion, that this was not a valid service as to them because they were not doing business in New York so as to be subject to the jurisdiction of this court.

In Frank v. N. V. Stoomv. Maatz. "Ootzee", 63 Civ. 2743, decided March 16, 1964 (unreported), I had occasion to write briefly on the subject of the doing of business in this country by foreign steamship companies whose vessels call at American ports. As I there pointed out, the question turns upon the regularity and frequency with which the vessels call here, and the nature and extent of the activities of the "local agent" here on their part. I consider the moving affidavits in the present case insufficient to disclose all the facts which are relevant to this issue. Nothing is said, for example, as to how often the Constantinos has called at New York, or what Argonaut has or has not done when she called here.

Argonaut's affidavit is silent as to what, if anything, it did on defendant's behalf when the vessel called at Houston in September 1964. Ocean's affidavit gives no details of the "occasions" when it arranged charters for the Constantinos. If this were the sole question presented by this motion, I would consider it necessary, despite the inadequacy of plaintiff's opposing affidavit, in the interest of justice to hold a hearing and to take testimony on these matters.

■■ I shall not do so, however, for there is another ground upon which this motion can be decided. This involves the jurisdiction of this court over the subject matter. As I have previously pointed out, this is an action at law, not a suit in admiralty. Although plaintiff states in his affidavit: "All of the defendants in this action are as diverse in citizenship and nationality as can be found anywhere," plaintiff has overlooked the fact that nevertheless this court does not have jurisdiction under 28 U.S.C. § 1332 of the controversy between plaintiff and Conquestador and Lusi, because plaintiff and those defendants are all citizens of foreign states. Conquestador and Lusi are incorporated in Panama and Great Britain, respectively, and neither has its principal place of business in New York. Plaintiff is a Greek citizen. His place of residence is immaterial. Controversies between aliens do not come within Section 1332. Cuozzo v. Italian Line, "Italia"-Societa Per Azioni, etc., 168 F. Supp. 304 (S.D.N.Y.1958); Tsitsinakis v. Simpson, Spence & Young, 90 F.Supp. 578 (S.D.N.Y.1950)

■ 28 U.S.C. § 1331 confers jurisdiction upon the district court of civil actions which arise "under the Constitution, laws or treaties of the United States." The "general maritime law" is not a law of the United States within the meaning of this section, and an action based on general maritime law does not arise under the Constitution or laws of the United States. Section 1331, therefore, does not give jurisdiction to this court over this action. Romero v. Inter-

national Terminal Operating Co., 358 U. S. 354, 79 S.Ct. 468, 3 L.Ed.2d 368 (1959)

■ The third possible basis of jurisdiction is the Jones Act. It is clear that the Jones Act, and for that matter the general maritime law of the United States apart from the statute, does not apply to this action by a Greek seaman on a Greek ship, who has signed an employment agreement in Greece which provides that his rights shall be governed by Greek law and enforceable only in Greek courts. Romero v. International Terminal Operating Co., supra; Lauritzen v. Larsen, 345 U.S. 571, 73 S.Ct. 921, 97 L.Ed. 1254 (1953); Tjonaman v. A/S Glittre, 340 F. 2d 290, (2d Cir. Jan. 11, 1965)

In Romero, the Supreme Court explained that the inapplicability of the Jones Act and the general maritime law of the United States is not to be considered, strictly speaking, a matter of jurisdiction. The court said that the mere assertion of a claim under the Jones Act is enough to give the district court jurisdiction to decide whether the claim is valid, i. e., whether the Jones Act and American maritime law apply. Since they do not apply, the proper procedure is to dismiss, not for lack of jurisdiction, but for failure to state a claim.

In the present case, defendants Conquestador and Lusi have moved to dismiss on various grounds, one of which is lack of jurisdiction over the subject matter, but they apparently have not included the failure to state a claim as one of the grounds. Since it is perfectly apparent, however, that this court has no jurisdiction of the controversy between plaintiff and these two defendants under 28 U.S.C. §§ 1331 or 1332, and since it is equally clear that the complaint does not state a claim against them under the Jones Act or the general maritime law of the United States, it is obvious that the complaint should be dismissed as to them, and I believe it would be uselessly formalistic to insist that the defendants make a new motion specifically listing failure to state a claim as the ground. Accordingly, the action is dismissed as against defendants

Conquestador and Lusi. This dismissal is without prejudice to the institution by plaintiff, if he is so advised, of a new action against them in admiralty. If plaintiff does so, then these defendants may, if they wish, move to dismiss for lack of personal jurisdiction, upon papers more adequate than their present ones. They may also, if they wish, move to dismiss on the ground of forum non conveniens. The admiralty judge, having jurisdiction of the action, will be in a position to decide whether or not to exercise it. That question does not properly arise in this present action at law, which must be dismissed for the reasons which I have indicated.

I turn now to the situation of the remaining two defendants, Argonaut and Ocean. Here there can be no doubt as to jurisdiction over their persons. They are each New York corporations doing business in New York. Service was made upon an officer of each.

As to subject matter jurisdiction, 28 U.S.C. § 1332 confers jurisdiction as to them, for in their case the controversy lies between plaintiff, a citizen of a foreign state and two citizens of New York. This is expressly within Section 1332.

The fact that there is no diversity jurisdiction under Section 1332 as between plaintiff and defendants Conquestador and Lusi does not require, and probably does not even permit, the court to dismiss the action as against defendants Argonaut and Ocean where diversity does exist, since Conquestador and Lusi are not indispensable parties. Kerr v. Compagnie de Ultramar, 250 F.2d 860 (2d Cir. 1958); See Romero v. International Terminal Co., supra.

As far as forum non conveniens is concerned, obviously it is not more convenient for Argonaut and Ocean to try this case in Greece than in New York. Hence it is inappropriate to dismiss the action against those defendants on that ground.

What these defendants are really claiming is that they are not liable to plaintiff, that they do not own, operate or control the Constantinos, and that plaintiff's allegation in Paragraph Fifth of his complaint that they do is untrue in fact. In effect, these defendants want summary judgment. But they have not moved for that relief, and I think that it would be inadvisable to treat their present motion as one for summary judgment. If they wish to make such a motion, they should be required to do so in proper form, so that plaintiff will know what he has to meet and will have an opportunity to present whatever he can in the way of facts to support the allegation of his complaint. Accordingly, the motion of defendants Argonaut and Ocean is denied, without prejudice to their right to move for summary judgment if so advised.

Settle order on notice.