### PLANNING AND INVESTING COMPANY, S.A., Plaintiff,

v.

### Alfred J. HEMLOCK, John Frank, Steve Boardman, a/k/a Steve Miller, Columbia Corporation Limited and Splindian Investments Limited, Defendants.

#### No. 69 Civ. 2296.

United States District Court, S. D. New York.

April 1, 1970.

Raphael Koenig and Kenneth Kaplan, New York City, for defendant Alfred J. Hemlock.

## MEMORANDUM

COOPER, District Judge.

Defendant Hemlock moves to dismiss for failure to join an indispensible party whose joinder would destroy diversity of citizenship. He also seeks dismissal on the ground there is no complete diversity of citizenship because plaintiff is an alien corporation and the two corporate defendants are likewise aliens. His motions for summary judgment were withdrawn at the oral argument before us on February 5, 1970.

In the event dismissal is not granted, defendant Hemlock moves alternatively for an order staying proceedings by plaintiff or in the alternative for an order fixing terms and conditions of depositions pursuant to Rule 37, F.R. Civ.P. and Rule 4 of the Local Civil Rules respectively. Plaintiff moves for a default judgment or in the alternative an order that Hemlock be produced on a day certain for his deposition and all discovery by him stayed pending completion of his deposition pursuant to Rule 37, F.R.Civ.P.

Turning first to the motions to dismiss, defendant concedes and we agree that the evidence now before us would not support a dismissal for failure to join an indispensible party. It appears to us unlikely that Mrs. Dominguez, the sole stockholder of the corporate plaintiff, will be held indispensible to an action by the corporation for an alleged fraudulently induced transfer of its property.

With regard to the two corporate defendants, plaintiff's own complaint alleges that both are Bahamian corporations and that plaintiff is a Luxembourg corporation. There is accordingly an absence of diversity of citizenship as to them. See 28 U.S.C.

Morrison, Paul & Beiley, New York City, for plaintiff; Peter H. Morrison, Edward Farman, New York City, of counsel.

§ 1332; Hart & Wechsler, The Federal Courts and the Federal System 899–900 at ¶¶ 7 and 9 (1953). Each of the defendants herein are alleged to be joint tortfeasors, however, and as such not indispensible to an action against any one of them. See Kerr v. Compagnie De Ultramar, 250 F.2d 860 (2d Cir. 1958); Kassner v. United States Pictures, 82 F. Supp. 633 (S.D.N.Y.1948). See also, Georgia v. Pennsylvania R. Co., 324 U.S. 439, 463, 65 S.Ct. 716, 89 L.Ed. 1051 (1945). We base this determination upon the allegations of the complaint that it was the individual defendants who conceived of and executed the alleged fraud. Accordingly, the complaint is dismissed without prejudice as to defendants Columbia Corporation Ltd. and Splindian Investments Ltd.; in all other respects the motion to dismiss is denied. Kassner v. United States Pictures, *supra*.

■ Second, the papers before us reflect that there was some justification for the failure of both plaintiff and defendant to appear for the two depositions as scheduled by the parties. No action pursuant to Rule 37, F.R.Civ.P. is called for in the present circumstances. As we see it now, the likelihood that Mrs. Dominguez will be held an indispensible party plaintiff appears remote. Therefore, we have no basis for interfering with the principle of concurrent discovery as expressed in Rule 4 of the Local Civil Rules.

Guided by the prior stipulation of the parties as to the date, time, and place to be set for the deposition of Mrs. Dominguez and defendant Hemlock respectively, we order the deposition of Mrs. Dominguez to proceed at 10:00 A.M. on Monday, April 20, 1970 at room 601 of the United States Courthouse and the deposition of defendant Hemlock to proceed the following day at the same time and place, or at such other times, dates and places as the parties may in writing stipulate.

This shall be considered an order; settlement thereof is unnecessary.