Gregory P. NEELD, Plaintiff,

v.

AMERICAN HOCKEY LEAGUE, a Non-profit Unincorporated Association, Hershey Bears, New Haven Night Hawks, Nova Scotia Voyageurs, Binghamton Broomdusters, Rochester Americans, Springfield Indians, Philadelphia Firebirds, Hampton Gulls, Maine Mariners, Defendants.

No. Civ. 77–544.

United States District Court,
W. D. New York.

Oct. 25, 1977.

Daniel S. Mason, Furth, Fahrner & Wong, San Francisco, Cal., for plaintiff.

John A. Titus, Woods, Oviatt, Gilman, Sturman & Clarke, Rochester, N.Y., for defendant American Hockey League.

MEMORANDUM and ORDER

ELFVIN, District Judge.

This action involves the right of plaintiff Gregory P. Neeld, an individual who has sight in only one eye, to have an opportunity to play professional hockey in the American Hockey League ("the AHL"). Article 13(e) of the AHL's by-laws provides:

> "A player with only one eye, or one of whose eyes has a vision of only three-sixtieths (3-60ths) or under, shall not be eligible to play for a Member Club."

Plaintiff's complaint sets forth two causes of action. The first is bottomed on 42 U.S.C. § 1983. The second alleges that the AHL's and its member teams' adherence to and enforcement of Article 13(e) is violative of section 296(1)(a) of New York's Human Rights Law which in pertinent part provides:

> "1. It shall be an unlawful discriminatory practice:

(a) For an employer * * * because of the * * * disability * * * of any individual, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

Plaintiff has moved for a preliminary injunction and has submitted a memorandum of law and orally argued in support of his motion. Defendants have submitted a memorandum of law and orally argued in opposition to plaintiff's request for preliminary relief.

■ Whether to grant preliminary relief falls decisionally within the discretion of the court. *Doran v. Salem Inn, Inc.,* 422 U.S. 922, 95 S.Ct. 2561, 45 L.Ed.2d 648 (1975). A party seeking a preliminary injunction, inherently an award of extraordinary relief, has a heavy burden to show clearly a possible irreparable harm and either probable success on the merits or sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. *State of New York v. Nuclear Reg. Com'n,* 550 F.2d 745, 750 (2d Cir. 1977); *Triebwasser & Katz v. American Tel. & Tel. Co.,* 535 F.2d 1356, 1359 (2d Cir. 1976); *Sonesta Int'l Hotels Corp. v. Wellington Associates,* 483 F.2d 247, 250 (2d Cir. 1973).

■ The denial to plaintiff of an opportunity to play professional hockey in the AHL will result in the possibility of irreparable harm to plaintiff's professional hockey career. A young athlete's skills diminish and sometimes are irretrievably lost unless he is given an opportunity to practice and refine such skills at a certain level of proficiency. Therefore, plaintiff has shown the possibility of irreparable harm if an injunction *pendente lite* is not granted.[1]

■ Plaintiff has not established, however, a probability of success on the merits

of his section 1983 cause of action. Although plaintiff contends that the state action requirement for a section 1983 action is satisfied because eight of the nine AHL member teams play their home games in stadia owned by various municipalities, such fact alone is insufficient to establish the requisite level of state involvement necessary to state a claim under 42 U.S.C. § 1983. Where, as here, discrimination is rooted in private conduct, the state must have significantly involved itself with the invidious discrimination before the constitutional proscription can apply. *Reitman v. Mulkey,* 387 U.S. 369, 380, 87 S.Ct. 1627, 18 L.Ed.2d 830 (1967). A mutually beneficial relationship between a city lessor and a private lessee may in appropriate circumstances sufficiently involve the municipality to satisfy this standard, but plaintiff has not as yet presented any facts from which I could conclude that a symbiotic relationship existed with respect to AHL teams and the respective municipalities that owned the stadia in which such teams play. *See, Burton v. Wilmington Parking Authority,* 365 U.S. 715, 81 S.Ct. 856, 6 L.Ed.2d 45 (1961). In addition, it has not been shown that the alleged lease or other arrangements whereby the AHL teams play their games in municipally-owned stadia fall within the scope of factual circumstances presented to the courts in *Gilmore v. City of Montgomery,* 417 U.S. 556, 94 S.Ct. 2416, 41 L.Ed.2d 304 (1974); *Fortin v. Darlington Little League, Inc.,* 514 F.2d 344 (1st Cir. 1975); and *Wimbish v. Pinellas County, Florida,* 342 F.2d 804 (5th Cir. 1965). In holding that plaintiff has not made a sufficient showing of state action at this stage of the litigation, I am mindful that the United States Supreme Court has cautioned that whether particular discriminatory conduct is private or amounts to state action can only be ascertained by sifting facts and weighing circumstances. *Burton v. Wilmington Parking Authority, supra,* at 722, 81 S.Ct. 856. Whether plaintiff can muster additional facts to support his state action

---

1. It is not a sufficient answer that plaintiff, if wronged, can be made whole by a monetary award. The road to such award is hazardous with undulations of expert testimony and surmise and speculation.

**462**

theory remains to be seen. The final determination as to state action need not now be determined.

■ Were plaintiff's section 1983 cause of action to be dismissed for failure to state a claim upon which relief can be granted, there would be no pendent jurisdiction over his state cause of action. Pendent jurisdiction can be relied upon only when there is a claim conferring federal jurisdiction that will survive a motion to dismiss. *United Mine Workers v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); *IIT v. Vencap, Ltd.,* 519 F.2d 1001, 1015 (2d Cir. 1975). In addition to his allegation of pendent jurisdiction, plaintiff has alleged diversity of citizenship jurisdiction over his state claim. Plaintiff seems to have overlooked the fact that there must be complete diversity between himself and defendants to satisfy 28 U.S.C. § 1332(a)(2). *Strawbridge v. Curtiss,* 7 U.S. (3 Cranch) 267 (1806), 2 L.Ed. 435. There is a lack of complete diversity in the complaint as presently drafted because plaintiff is an alien and defendants are citizens of various states and another alien. *IIT v. Vencap, Ltd., supra,* at 1015. It has long been established, however, that a federal court, on plaintiff's motion, may drop a non-diverse defendant and retain jurisdiction if that party is not indispensable. *Horn v. Lockhart,* 84 U.S. (17 Wall.) 570, 21 L.Ed. 657 (1873); *Kerr v. Compagnie De Ultramar,* 250 F.2d 860 (2d Cir. 1958); *Karakatsanis v. Conquestador Cia. Nav., S.A.,* 247 F.Supp. 423 (S.D.N.Y.1965); *Planning and Investing Company, S.A. v. Hemlock,* 50 F.R.D. 48 (S.D.N.Y.1970). To deny such a motion would be an abuse of discretion. *Kerr v. Compagnie De Ultramar, supra,* at 864. In the present case, the non-diverse defendant, Nova Scotia Voyageurs, is not an indispensable party. Although plaintiff has not made a motion to dismiss the state claim against the non-diverse alien defendant, this court has inherent power to perfect its jurisdiction and it would be needlessly ritualistic to require plaintiff to make such a motion prior to dismissing the state claim as to the Nova Scotia Voyageurs. *See, Kerr v. Compagnie De Ultramar, supra,* at 864; *Karakatsanis v. Conquestador Cia. Nav., S.A., supra,* at 426. No prejudice would result to the remaining defendants if plaintiff's state claim against the Nova Scotia Voyageurs were dismissed *sua sponte* to establish complete diversity and I am reasonably certain plaintiff would so move if such were indicated to him. Therefore, because of my doubts as to whether plaintiff can premise his state claim on pendent jurisdiction, I hereby dismiss such cause of action as to the Nova Scotia Voyageurs and retain jurisdiction of plaintiff's state cause of action pursuant to 28 U.S.C. § 1332(a)(2).

■ With respect to plaintiff's cause of action under the New York Human Rights Law, plaintiff has established a probability of success on the merits. Under such law, blindness is a disability against which an employer may not discriminate unless sight in one or both eyes is shown to be a bona fide occupational qualification. *Cf., Defini and Wohl v. Home Lines Agency, Inc.,* Nos. CPD–38522–75 and CPD–37985–75 (N.Y. State Division of Human Rights, April 27, 1976), *aff'd,* Appeal No. 3491 (Appeal Board, May 12, 1977). Plaintiff has represented that his visual handicap does not substantially detract from his skill and ability to play hockey in a competent and proficient manner. Defendants have not as yet justified Article 13(e) as being a bona fide occupational qualification.[2] In addition, a person who is partially or totally blind has a constitutional right not to be discriminated against by an employer or prevented from participating in a college sports program because of his or her visual impairment. *Gurmankin v. Costanzo,* 556 F.2d 184 (3d Cir. 1977), *aff'g* 411 F.Supp. 982 (E.D.Pa.1976); *Evans v. Looney,* Civ. No. 77–6052–CVSJ (W.D.Mo., September 2, 1977). Finally, enforcement of section 296(1)(a) of New York's Human Rights Law

---

2. Plaintiff's competing for a position on an AHL team will somewhat demonstrate whether his loss of sight in one eye reduces sufficiently his ability as a hockey player so that such may be classified as a bona fide occupational qualification.

as to a multi-state defendant does not appear to place an unreasonable burden on interstate commerce. *Colorado Anti-Discrimination Commission v. Continental Airlines, Inc.,* 372 U.S. 714, 83 S.Ct. 1022, 10 L.Ed.2d 84 (1963); *New York St. Div. of H.R. v. New York-Pa. Base. L.,* 36 A.D.2d 364, 320 N.Y.S.2d 788 (4th Dept. 1971), *aff'd,* 29 N.Y.2d 921, 329 N.Y.S.2d 99, 279 N.E.2d 856 (1972).

Having found that plaintiff has shown the possibility of irreparable harm and probability of success on the merits as to his state cause of action, it is unnecessary to discuss the other tests for issuance of a preliminary injunction.

It is therefore hereby

ORDERED that the AHL is preliminarily enjoined from applying Article 13(e) of the AHL by-laws to plaintiff within the State of New York; and it is further

ORDERED that the AHL member franchises located within the State of New York are preliminarily enjoined from applying Article 13(e) of the AHL by-laws to plaintiff.