Dale McCAIN, Plaintiff,

v.

CLEARVIEW DODGE SALES, INC., Defendant-Appellant,

v.

JEFFERSON BANK AND TRUST COMPANY, Third-Party Defendant-Appellee.

No. 77–3304
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

June 8, 1978.

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

Robert E. McDonald, Metairie, La., for defendant-appellant.

Thomas G. Donelon, Metairie, La., for third-party defendant-appellee.

Before RONEY, GEE and FAY, Circuit Judges.

PER CURIAM:

Plaintiff, Dale McCain, filed suit against defendant, Clearview Dodge Sales, Inc., for violation of the Consumer Credit Protection Act, P.L. 90–321 (1968), 82 Stat. 146, 15 U.S.C. §§ 1601 et seq., as amended, and Regulation Z of the Federal Reserve Board, 12 C.F.R. § 226.1 et seq. The plaintiff had purchased an automobile from the defendant who arranged credit for the plaintiff with Jefferson Bank & Trust Company, third-party defendant. Pretrial conference was set for March 4, 1977, and trial was set for March 10, 1977. At the pretrial conference the defendant requested and obtained permission to file a third party complaint against Jefferson Bank. This complaint was severed by the court from the main demand. On June 27, 1977, the court ruled in favor of the plaintiff on his main demand. Thereafter, on August 29, 1977, the trial court dismissed the third party complaint. The defendant, Clearview appeals this dismissal.

Clearview first contends that the district court erred in holding that it stated no cause of action against Jefferson in its third-party complaint. Rule 14(a) of the Federal Rules of Civil Procedure provides that a defendant may bring in a third party "who is or may be liable *to him* for all or part of the plaintiff's claim against him." (Emphasis added). Thus, a third-party complaint is not proper under Rule 14 if the defendant cannot show a basis for the third-party defendant's liability to the defendant (also known as the third-party

plaintiff). It is clear in this case that the plaintiff would have a direct cause of action against the third-party defendant in this case, 15 U.S.C. §§ 1640 and 1602(f) and (h), but the Consumer Credit Protection Act does not provide a cause of action in which one joint creditor may sue another for contribution or indemnity. We find, therefore, the district court properly dismissed the third-party complaint for failure to state a cause of action.

Alternatively, Clearview argues that the bank was an indispensable party under Rule 19 of the Federal Rules of Civil Procedure and that it should have been permitted to implead the bank because they were jointly liable for damages to the plaintiff. This Court has held that joint creditors are "jointly and severally" liable to consumers. *Meyers v. Clearview Dodge Sales, Inc.*, 539 F.2d 511, 520 (5th Cir. 1976). Jefferson, therefore, was not an indispensable party because the plaintiff could be awarded judgment against this defendant alone.

Finding no error, we affirm the judgment of the district court.

AFFIRMED.