**SOUTH CAROLINA ELECTRIC & GAS COMPANY, Plaintiff,**

v.

**RANGER CONSTRUCTION COMPANY, INC., McClure Associates, Inc., and General Electric Company, Defendants.**

Civ. A. No. 81–1472–1.

United States District Court,
D. South Carolina,
Charleston Division.

May 24, 1982.

Wade H. Logan, III and Keating L. Simons, III, Charleston, S. C., for plaintiff.

Augustine T. Smythe, Charleston, S. C., for Ranger.

Elliott T. Halio, Charleston, S. C., for McClure.

G. Dana Sinkler, Charleston, S. C., for General Electric.

## ORDER

HAWKINS, District Judge.

This matter is before the Court on Plaintiff's Motion to Amend its Complaint by striking therefrom the name of Ranger Construction Company, Inc. as a party-defendant. Also before the Court is the Motion of Defendants, General Electric Company and McClure Associates, Inc. to dismiss this action for lack of subject matter jurisdiction. Defendant Ranger Construction Co., Inc. has consented to the Plaintiff's Motion to Amend its Complaint by striking it as a party-defendant.

Plaintiff, South Carolina Electric & Gas Company's Motion is made on the grounds that Defendant Ranger Construction Company, Inc. (Ranger) is not an indispensable party to this action and its presence may deprive this Court of subject matter jurisdiction in that complete diversity may not exist between the parties. The Motion of Defendants General Electric Company and McClure Associates, Inc. to dismiss this action for lack of subject matter jurisdiction is based upon the grounds that Defendant Ranger is a South Carolina corporation and, consequently, complete diversity of citizenship does not exist between the parties since the Plaintiff is also a South Carolina corporation.

The within action was commenced by the filing of a Complaint against the three De-

fendants, all of which were alleged to be "corporations, organized and existing under the laws of one of the states of the United States other than South Carolina, with their principal places of business outside the State of South Carolina." Subject matter jurisdiction was grounded upon diversity of citizenship, 28 U.S.C. § 1332(a)(1).

This products liability action arises out of an incident which occurred on or about July 31, 1975, when an electrical transformer owned by Plaintiff was damaged when a recently installed switch station at the Medical University of South Carolina in Charleston was energized. Allegedly, Plaintiff suffered property damage to its transformer as a proximate result of the joint and several negligence and recklessness of the Defendants.

Also before the Court is the Motion of the Defendants General Electric Company (GE) and McClure Associates, Inc. (McClure) to dismiss this action for lack of subject matter jurisdiction. Plaintiff's Motion is made on the grounds that Ranger is not an indispensable party-defendant to this action, and its presence may deprive this Court of subject matter jurisdiction, in that complete diversity may not exist between the parties. The Motion of Defendants GE and McClure is based upon the grounds that Ranger, or its successor in interest, is a South Carolina corporation, and, consequently, complete diversity of citizenship does not exist between the parties, since the Plaintiff is also a South Carolina corporation.

■ Plaintiff's Motion to Amend its Complaint and strike Defendant Ranger is made pursuant to Rules 15 and 21 of the Federal Rules of Civil Procedure. Pursuant to these Rules, a court may drop a non-diverse party if its presence is not required under Rule 19, Fed.R.Civ.P. 7 Wright and Miller, *Federal Practice and Procedure*, Section 1685. It is clearly evident that a non-diverse defendant whose presence is not essential or indispensable under Rule 19, Fed.R.Civ.P., may be dismissed by the court *sua sponte*, or on motion by the plaintiff in order to achieve the requisite diversity between the parties. *See Caperton v. Bea-*

*trice Pocahontas Coal Co.*, 585 F.2d 683 (4th Cir. 1978); *Jett v. Phillips & Associates*, 439 F.2d 987 (10th Cir. 1971); *Weaver v. Marcus*, 165 F.2d 862 (4th Cir. 1948); *Causey v. Burgess*, 236 F.Supp. 326 (E.D.S.C.1964). This matter is committed to the sound discretion of the trial court, *Caperton v. Beatrice Pocahontas Coal Co.*, *supra*, and at least two courts have held that it would be an abuse of discretion for a district court to deny a plaintiff's motion to drop a non-diverse defendant and retain jurisdiction if that party is not indispensable and no prejudice will result to the remaining defendants. *See Kerr v. Compagnie De Ultramar*, 250 F.2d 860 (2d Cir. 1958); *Neeld v. American Hockey League*, 439 F.Supp. 459 (W.D. N.Y.1977).

A court's dismissal of a non-diverse party-defendant is properly effected pursuant to Rule 21, Fed.R.Civ.P., which provides:

Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately.

*Weaver v. Marcus, supra; Causey v. Burgess, supra.*

■ Before this Court may exercise its discretion pursuant to Rule 21, Fed.R. Civ.P., by dropping a non-diverse defendant and retaining jurisdiction of an action, it must determine whether or not that defendant is an indispensable party within the meaning of Rule 19, Fed.R.Civ.P. It is generally held that a non-diverse defendant who is a jointly and severally liable tortfeasor is not an indispensable party to a diversity action under Rule 19 and may be dismissed by the court in order for it to retain jurisdiction. *See Weaver v. Marcus, supra; Windert Watch Co., Inc. v. Remex Electronics, Ltd.*, 468 F.Supp. 1242 (S.D.N. Y.1979); *Causey v. Burgess, supra. See also McCain v. Clearview Dodge Sales, Inc.*, 574 F.2d 848 (5th Cir. 1978); *Willis v. Semmes, Bowen & Semmes*, 441 F.Supp. 1235 (E.D.Va.1977); *Letmate v. Baltimore*

*and Ohio Railroad*, 311 F.Supp. 1059 (D.Md. 1970).

The case of *Weaver v. Marcus*, 165 F.2d 862 (4th Cir. 1948), was a wrongful death action arising out of a collision between the plaintiffs' decedent and a truck driven by an employee of the defendants. The defendants were partners operating a business under the name of Marcus Brothers. The plaintiffs, residents of Virginia, brought suit against the four Marcus brothers and the employee-driver believing that they were all citizens of West Virginia. The defendants attacked the jurisdiction of the district court on the grounds that one of the defendant Marcus brothers was a citizen of the State of Virginia, as were the plaintiffs. The plaintiffs moved for a dismissal of the action as to that one defendant and the motion was denied. The Fourth Circuit reversed the trial court's denial of the plaintiffs' motion on the grounds that the one Marcus brother was not an indispensable party to the action under Rule 19 because his liability as a partner in tort would be joint and several. The Court then recognized the general rule that the liability of joint tort-feasors is joint and several and stated:

> [I]t is clear that this action could have originally been maintained against the other partners with Carl Marcus omitted. Indeed, it is quite obvious that this action would have been thus brought had not Plaintiffs been under the mistaken impression that Carl Marcus was (as were all the other partners) a citizen of West Virginia.

165 F.2d at 866.

*Causey v. Burgess*, 236 F.Supp. 326 (E.D. S.C.1964) was also a wrongful death action brought against two defendants as joint tort-feasors for the wrongful death of the plaintiff's intestate. The complaint alleged that the defendant Burgess was the driver of the adverse vehicle while acting within the scope of his employment as an agent for the defendant, Loris Motor Company. The defendants filed a Motion to Dismiss upon the grounds that the Court did not have subject matter jurisdiction in that both de-fendant William Burgess and the plaintiff were residents of the State of North Carolina. Defendant Loris Motor Company contended that the suit was originally brought against both defendants as joint tort-feasors and, therefore, the liability was joint and both defendants were necessary parties to the action.

In rejecting this argument, Judge Simons held that where one is acting as an agent for another, within the scope of his agency, and he commits a tort, both the principal and the agent are joint tort-feasors; and the injured party is not obliged to join both tort-feasors in his action, but he may sue either singly. 236 F.Supp. at 327, *citing Little v. Robt. G. Lassiter & Co.*, 156 S.C. 286, 153 S.E. 128 (1930). The Court further stated:

> It is likewise well established that the courts will not permit one joint tort-fea-sor defendant, against the consent of plaintiff, to bring into the action other joint tort-feasors where plaintiff has elected to proceed against one such de-fendant singly. To allow such action would interfere with the established, well recognized right of the plaintiff to sue one or more joint tort-feasors at his election.

*Id.* Exercising his discretion, Judge Simons granted the Plaintiff's Motion to Dismiss Defendant Burgess pursuant to Rule 21 in order to achieve the requisite diversity of citizenship. *Id.* at 328.

██ It is clear that in the case presently before the Court the Defendants are being sued as joint tort-feasors, and, under the authority above-cited, their liability is joint and several. Therefore, Ranger is not an indispensable party under Rule 19 and could be dismissed as a party-defendant if such dismissal is necessary for this Court to achieve the requisite diversity of citizenship.

If this Court failed to allow the plaintiff to amend its Complaint by dropping Ranger as a party-defendant, this entire cause of action would be defeated because the applicable South Carolina statute of limitations has now expired. Defendants GE and

McClure have taken the position that even if this Court were to exercise its discretion by dropping Ranger as a party-defendant to this action, this Court could not retain jurisdiction over the remaining diverse defendants because of the expiration of the applicable statute of limitations. They assert that if Ranger were now dropped as a defendant, complete diversity of citizenship would only be achieved after such time as the statute of limitations had expired. This Court does not agree.

The only authority found by the Court indicates that the dismissal of a non-diverse defendant will perfect jurisdiction and relate back to the time of the filing of the suit, even where the statute of limitations has run. *See e.g. Baker v. J. C. Penney Co., Inc.*, 496 F.Supp. 922 (N.D.Ga. 1980); *Farahmand v. Local Properties, Inc.*, 88 F.R.D. 80 (N.D.Ga.1980); *O'Neal v. National Cylinder Gas Co.*, 103 F.Supp. 720 (N.D.Ill.1952). This Court is of the opinion that the law and equities in this case require a determination that a dismissal of Ranger as a party-defendant will establish diversity of citizenship jurisdiction with retroactive effect. There can be no argument of prejudice to the remaining Defendants because the Plaintiff could have initially elected to proceed only against them as joint tort-feasors.

### CONCLUSION

Defendant Ranger Construction Company, Inc., as a non-indispensable party to this action, may be dismissed in order to achieve diversity of citizenship between the parties. Such a dismissal and perfection of jurisdiction will have retroactive effect and will relate back to the time of the filing of the suit. Accordingly, this Court can retain jurisdiction over the remaining diverse joint tort-feasors in spite of the fact that the applicable statute of limitations has expired.

It is, therefore,

ORDERED, that Plaintiff's Motion to Amend its Complaint by striking therefrom the name of Ranger Construction Company, Inc., as a party-defendant be, and the same hereby is, granted. It is further,

ORDERED, that Defendants General Electric Company and McClure Associates, Inc.'s Motion to dismiss for lack of subject matter jurisdiction be, and the same hereby is, denied. It is further,

ORDERED, that since the Court is of the opinion that this Order involves a controlling question of law as to which there is substantial ground for difference of opinion, and that an immediate appeal from this Order may materially advance the ultimate termination of the litigation, Defendants General Electric Company and McClure Associates, Inc. are hereby granted the right to seek immediate relief, if they be so advised, in the Court of Appeals for the Fourth Circuit, under 28 U.S.C. § 1292(b), and, pending the seeking of such relief, further proceedings in this Court are hereby stayed.

AND IT IS SO ORDERED.