## SECOND DEPARTMENT, MARCH, 1979

### (March 5, 1979)

■ JOY ACHUTHAN, Respondent, v M. RADH ACHUTHAN, Appellant.—In a matrimonial action, the defendant appeals from stated portions of a judgment of the Supreme Court, Suffolk County, entered February 24, 1978, which, after a nonjury trial, *inter alia,* (1) dismissed his action for divorce, (2) granted the plaintiff's action for divorce, (3) awarded custody of the children to the plaintiff, (4) granted alimony to the plaintiff of $100 per week, (5) awarded child support of $50 per week per child and (6) ordered the defendant to pay $3,000 in counsel fees. Judgment modified, on the facts, by reducing the award of alimony to $75 per week. As so modified, judgment affirmed insofar as appealed from, without costs or disbursements. The alimony award was excessive to the extent indicated. O'Connor, J. P., Gulotta, Margett and Mangano, JJ., concur.

■ YOLANDA ALAVA et al., Appellants, v PENINSULA GENERAL HOSPITAL, Respondent.—In a medical malpractice action, plaintiffs appeal from an order of the Supreme Court, Queens County, dated March 14, 1977, which, upon sustaining defendant's objection to plaintiffs' use of a tape recorder at examinations before trial, prohibited plaintiffs from using the tape recorder. Order reversed, without costs or disbursements, plaintiffs are permitted to use the tape recorder at the examinations before trial and defendant is permitted to have a stenographic transcript made of the depositions at its own expense. In our opinion defendant failed to demonstrate that the recording device plaintiffs proposed to use for continuation of their pretrial depositions was inadequate and of unsatisfactory fidelity (see *Abelow v Grossman,* 59 AD2d 849). However, in view of the fact that defendant has pointed out that at least two of the witnesses to be deposed have heavy foreign accents and the noise level in the room in which the depositions are being taken is very high, we believe that in addition to plaintiffs' audio tape recording, defendant should be permitted to have, at its own cost, a stenographic transcription of the depositions (see 22 NYCRR 685.10; cf. *Bichler v Lilly & Co.,* 50 AD2d 90; *Rubino v Searle & Co.,* 73 Misc 2d 447). At this time we suggest to members of the Bar wishing to utilize either a video or audio recorder for depositions, that they become familiar with the recent amendment to CPLR 3113 (subd [b]), and the rules of this court "governing electronic recording of depositions in civil cases" (22 NYCRR Part 685). Titone, J. P., O'Connor, Martuscello and Mangano, JJ., concur.

■ ART-LLOYD METAL PRODUCTS CORP. et al., Appellants, v BENJAMIN KAUFMAN et al., Defendants, and PETER R. NEWMAN et al., Respondents. (Action No. 1.) ALLIED EQUIMET CORPORATION, Appellant, v ART-LLOYD METAL PRODUCTS CORP. et al., Respondents, et al., Defendant. (Action No. 2.) —In consolidated actions, *inter alia,* to recover damages for fraud (Action No. 1) and for breach of contract (Action No. 2), the appeals are from so much of an interlocutory judgment of the Supreme Court, Kings County, entered August 31, 1977, as (1) dismissed the complaint in Action No. 2, (2) dismissed most causes of action in Action No. 1 and (3) determined that a certain down payment belonged to Allied Equimet Corporation. Interlocutory judgment affirmed insofar as appealed from, without costs or disbursements. The record unequivocally establishes that the trial court's conclusion, that neither party had established its case by a preponderance of the credible evidence, is correct. Titone, J. P., Suozzi, Gulotta and Martuscello, JJ., concur.