**Zohreh FARAHMAND, Mother of Mehdi Yasrebi, Deceased, Plaintiff,**

v.

**LOCAL PROPERTIES, INC., Security Management Co., Inc., Bruce R. Davis, Irving Gilson, Gerald A. Blonder, David Berkman, Herman Dziewienski, Felix Dziewienski and Miriam Chalutra, Defendants.**

**Civ. A. No. C 78–1534 A.**

United States District Court,
N. D. Georgia,
Atlanta Division.

Oct. 10, 1980.

James C. Carr, Atlanta, Ga., for plaintiff.

Wm. F. Lozier, Atlanta, Ga., for Local Prop. & F. Dziewienski.

J. Timothy White & J. Michael Lamberth, Atlanta, Ga., for Security Mgmt. Co.

Ben L. Weinberg, Jr. and James H. Fisher, Atlanta, Ga., for Davis, Blonder, Berkman & Security Develop. Invest.

David Handley and James C. Huckacy, Jr., Atlanta, Ga., for Gibson & H. Dziewienski.

Robert B. Wedge, Atlanta, Ga., for Chalutra & F. Dziewienski.

## ORDER

VINING, District Judge.

The plaintiff, a citizen and resident of Iran, filed this diversity action for wrongful death on September 12, 1978. The plaintiff alleges that her son, Mehdi Yasrebi, died on July 6, 1978, as a result of injuries sustained

**82**

when a component of the facade of an apartment building (a "wooden screen") at the Seville Apartments in DeKalb County, Georgia, fell and struck the decedent on the head. The defendants are alleged to have been involved in the construction, maintenance, management, and/or ownership of the premises upon which this incident occurred. Pending are the motions of defendants Irving Gilson, Miriam Chalutra, and Felix Dziewienski to dismiss for lack of subject matter jurisdiction, to dismiss the plaintiff's claim as barred by the applicable statute of limitations, and for summary judgment. Additionally, the plaintiff has moved for her deposition to be videotaped in Düsseldorf, West Germany, to which the individual defendants have responded by moving to quash notice of deposition and to enter a protective order.

On August 18, 1980, the plaintiff took the deposition of defendant Herman Dziewienski and discovered that he was a citizen of Poland. Shortly thereafter, the plaintiff moved, pursuant to Rules 15 and 21, Fed.R. Civ.P., to amend her pleadings to delete Herman Dziewienski as a party defendant in order to sustain the diversity jurisdiction of the court.[1] By order dated August 25, 1980, the court granted the plaintiff's motion to amend to voluntarily dismiss Herman Dziewienski from the action *sub judice.*

■ The defendants move to dismiss for lack of subject matter jurisdiction based on their contention that Herman Dziewienski is an indispensable party who must be joined in this action, but because he cannot be joined without destroying the court's subject matter, diversity jurisdiction, the entire action must be dismissed. The court, however, finds that defendant Herman Dziewienski is not an indispensable party. Indispensability is determined under Rule 19, Fed.R.Civ.P. It is well settled under that rule that one jointly and severally liable tort feasor is not an indispensable party

to an action brought against another. *Herpich v. Wallace,* 430 F.2d 792, 817 (5th Cir. 1970); *Jett v. Phillips and Associates,* 439 F.2d 987 (10th Cir. 1971); *Windert Watch Co., Inc. v. Remex Electronics Ltd.,* 468 F.Supp. 1242, 1246 (S.D.N.Y.1979); *Willis v. Semmes, Bowen & Semmes,* 441 F.Supp. 1235, 1245 (E.D.Va.1977). Thus, where joint and several liability exists, the plaintiff has the privilege of selecting her defendants. *Wylain, Inc. v. Kidde Consumer Durables Corp.,* 74 F.R.D. 434 (D.Del.1977). Here, the plaintiff has alleged that the defendants are jointly and severally liable; consequently, Herman Dziewienski is not an indispensable party to this action.

■ The defendants also move to dismiss this action as barred by the applicable statute of limitations. The instant action was instituted within the two–year limitation period provided for by Ga.Code Ann. § 3– 1004. However, the defendants argue that because the court did not have diversity jurisdiction until Herman Dziewienski was dismissed as a party defendant on August 25, 1980, and since by that date the statute of limitations had run, the action should be dismissed as time–barred.[2]

The defendants' position is essentially that where there is not complete diversity when an action is originally filed it is an invalid suit, and it does not toll the applicable limitations period as to any of the defendants. The defendants cite *Anderson v. Papillion,* 445 F.2d 841 (5th Cir. 1971), in support of that position. However, in *Anderson* the Fifth Circuit was addressing the question of whether after the one–year Louisiana prescription period had run, the plaintiff could amend his complaint under Rule 15(c), Fed.R.Civ.P., to name an entirely new defendant and have that amendment "relate back" to the original filing date of the suit to defeat the running of the limitations period. While the court ruled that there could be no "relation back" of such an amendment under Rule 15(c), it

---

1. Since the plaintiff is a citizen of Iran, the presence of Polish citizen Herman Dziewienski as a party defendant would deprive the court of diversity jurisdiction under 28 U.S.C. § 1332.

2. It is undisputed that "pure diversity" was not present until Herman Dziewienski was dismissed, at which time the applicable statute of limitations had, indeed, run.

limited the application of that ruling to situations where an entirely new defendant is added after the prescription has run.

Since the action *sub judice* does not involve the addition or substitution of a party, the court finds *Anderson* to be inapplicable; all of the defendants in the present action received notice of the claim from the outset. Thus, the controlling question is whether Herman Dziewienski is an indispensable party, for if he is not his dismissal established the court's jurisdiction with retroactive effect. *Baker v. J. C. Penney, Inc.*, 496 F.Supp. 922 (N.D.Ga.1980); *O'Neal v. National Cylinder Gas Co.*, 103 F.Supp. 720 (N.D.Ill.1952). Since the court has already determined that Herman Dziewienski is not an indispensable party, the court's jurisdiction was established retroactively upon his dismissal and, therefore, it was established prior to the running of the statute of limitations. Hence, the defendants' motion to dismiss for failure to join an indispensable party and by virtue of the running of the applicable statute of limitations is hereby DENIED.

■ These defendants also move for summary judgment. At the time of the accident in question the moving defendants were partial owners of the Seville Apartments where the accident occurred. Ga. Code Ann. § 105–401 provides:

> Where the owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such person for injuries occasioned by his failure to exercise ordinary care in keeping the premises and approaches safe.

The parties agree that an owner is liable for an injury if the owner had either actual or constructive knowledge of the defect prior to the time the injury occurred. The court finds that based on the extra–pleading matter filed in this case there are factual issues concerning, *inter alia*, notice, constructive and actual, of the defective construction and maintenance of the wooden screens in issue. Consequently, the defendants' motion for summary judgment is hereby DENIED.

Finally, the plaintiff moves to have her deposition videotaped. Prior to the outbreak of the current hostilities between Iran and Iraq, the plaintiff made her way from Iran to Düsseldorf, West Germany, from where she had planned to travel to the United States for the trial of the instant action. However, her application to the United States Department of State for a travel visa was denied in the wake of the hostilities. She is staying at the home of a cousin in Düsseldorf, unable to obtain any of her own funds out of warring Iran. Hence, she seeks to have her deposition videotaped in Düsseldorf and further prays that the defendants pay their own travel expenses and other costs, since she is currently unable to do so. The individual defendants oppose the motion and seek to quash the plaintiff's notice of deposition and further seek the issuance of a protective order, pursuant to Rule 26(c), Fed.R. Civ.P.

■ Under Rule 30(b)(4), Fed.R.Civ.P., the court clearly has the authority to allow the taking of a videotape deposition if it should deem it appropriate under the circumstances. *Matter of Daniels*, 69 F.R.D. 579 (N.D.Ga.1975). Here, the court is presented with an attempt to obtain the videotape deposition of a single, essential witness whose attendance at trial is not possible. The defendants observe: "[P]laintiff's testimony at trial is not essential. She has no knowledge whatsoever of the occurrence forming the basis of this action." The defendants refer to the issue of liability, but the issue of damages is also present. Under Ga.Code Ann. § 105–1302, if liability is established the plaintiff may recover for the "full value of the life of the decedent"; therefore, the court concludes that the testimony of the plaintiff would be essential to establishing the full value of the life of her deceased son. The defendants' opposition also relates to the "annoyance, oppression, undue burden and undue expense" in traveling such a great distance. The court concludes that in a situation such as is presented by the facts of this case the videotape

deposition should be allowed. Furthermore, the court concludes that the equities of the case militate in favor of each side's bearing its own costs.

Having decided to allow the videotape deposition, the court is required in its order to "designate the manner of recording, preserving, and filing the deposition, and may include other provisions to assure that the recorded testimony will be accurate and trustworthy." Rule 30(b)(4), Fed.R.Civ.P. An order satisfying the requirements of Rule 30(b)(4) is being entered contemporaneously with this order.

In sum, the motions of defendants Irving Gilson, Felix Dziewienski, and Miriam Chalutra to dismiss for failure to join an indispensable party, to dismiss the plaintiff's claims as barred by the applicable statute of limitations, and for summary judgment are DENIED; the plaintiff's motion to allow videotaped deposition is GRANTED, all parties to bear their own costs; and the motion of the individual defendants to quash the plaintiff's notice of deposition and for issuance of a protective order is DENIED.

SO ORDERED, this 10th day of October, 1980.

## ORDER FOR THE TAKING OF THE VIDEOTAPED DEPOSITION OF ZOHREH FARAHMAND

Plaintiff, having noticed the taking of her deposition for the purposes of preserving her testimony in the above–captioned case, and plaintiff having requested that the deposition be videotaped, in conjunction with the transcription of the same, the Court being fully advised, and it appearing that justice so requires such a deposition to be taken, it is

HEREBY ORDERED that plaintiff's deposition may be taken by means of a videotape in conjunction with the transcription, according to the following procedures and conditions:

(1) The deposition shall be taken at the time and place specified in plaintiff's Notice;

(2) The placing and positioning of the equipment shall be agreed upon by counsel in a reasonable manner;

(3) In addition to utilizing videotape equipment, said deposition shall be transcribed in the traditional method of stenographic transcription by one authorized to do so by law;

(4) With respect to the stenographic transcription, the original shall be retained by plaintiff and copies made available to counsel at their request and at their cost;

(5) Plaintiff shall supply some person to operate and monitor videotape equipment during the entire deposition who will not be participating in the actual interrogation process, and who will take an oath or affirmation to accurately and in a trustworthy manner videotape the deposition and see that the original videotape is not altered or edited in any fashion until further Order of this Court or by agreement of counsel for all parties; such person shall on the date of the deposition videotape all of the proceedings requested by either counsel;

(6) An oath or affirmation shall be administered to the witness by a person authorized to do so by law;

(7) Plaintiff shall procure a stenographer who is certified as a bilingual stenographer, or obtain independent stenographers to take down the English and Persian portions of plaintiff's deposition. It shall be the duty of the person(s) recording the deposition stenographically to accurately record during the course of a deposition as to when a tape is changed, when examination by each of various counsel commences and ends, and whenever there is an interruption of the continuous tape exposure for the purposes of off–the–record discussions, mechanical failure of the machine, or other similar technical problems;

(8) If, during the course of the deposition it becomes necessary to have an earlier question or answer or other portion of the record of the deposition re–read, this shall be accomplished by requesting the person recording the deposition stenographically to read from the stenographic record such requested matter;

(9) Objections shall be reserved until the time of trial except as to the form of the question or the responsiveness of the answer;

(10) If, during the deposition, there is a failure of the equipment, either visual or auditory, or such poor quality as to render the use of said videotape unfair to the interest of any of the parties hereto, then no part of such videotape shall be utilized by either party in respect of such deposition as to which such shall obtain and the parties will use, absent an agreement of counsel, the stenographic transcription of the deposition, provided the same otherwise complies with legal requirements;

(11) After the deposition, the person or persons operating the videotape equipment shall certify the correctness and completeness of the videotape recording in the same manner as would a stenographic reporter in certifying an oral deposition; such person or persons shall then appropriately label and seal the videotape recording.

(12) All of the costs of videotaping the testimony will be at the instance of the plaintiff, and all of the costs incident to the use of said videotaped deposition will be at the instance of the plaintiff to be borne by the plaintiff and should not be taxed as court costs against the defendants. Costs incident to the appearance of persons in court and incident to the presentation by them of any videotaped deposition requiring his appearance in court should not be taxed as court costs.

(13) Upon application of either party, the Court shall make available the videotaped deposition for viewing purposes only. Plaintiff shall make available to the defendants adequate equipment for a viewing of the videotaped deposition at a time and place to be agreed upon by counsel.

(14) During a pretrial conference the Court will hear objections to the admissibility of any answers given during the deposition, and if the Court rules out certain questions and answers given during deposition, a copy of the original videotaped deposition will be made and the objectionable material shall be deleted. At the pretrial conference the Court will use only the stenographic transcription to determine if the questions and answers are objectionable and should be stricken from the record. Upon application of either party, and at his expense, the Court will review the videotape of the deposition to determine if the quality of same is sufficient to be viewed by the jury.

(15) Plaintiff will obtain an interpreter certified for the Persian language by the U. S. State Department.

(16) Each of the parties shall be responsible for paying the cost of his own counsel to attend plaintiff's videotaped deposition if such attendance is desired.