**Rudolph L. LUCIEN, Plaintiff,**

v.

**Francis McLENNAND and Richard P. Doria, Defendants.**

**No. 80 C 5693.**

United States District Court, N. D. Illinois, E. D.

Oct. 18, 1982.

---

Martin S. Agran, Chicago, Ill., for plaintiff.

---

John T. Elsner, Samelson, Knickerbocker & Schirott, Des Plaines, Ill., for defendants.

MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Defendants have moved under Fed.R. Civ.P. ("Rule") 30(b)(4) for leave to take the deposition of plaintiff Rudolph Lucien ("Lucien") by videotape. They contend:

1. Only three persons (including Lucien) are expected to testify at trial. Both the others have already been deposed on videotape. If the same procedure is followed as to Lucien, this Court could decide the case on the basis of such deposition testimony and arguments of counsel.

2. As a prisoner Lucien does not have a right to appear in court in a civil rights action (this case is brought under 42 U.S.C. § 1983, "Section 1983").

Defendants have agreed to bear the costs of videotaping and transcribing Lucien's deposition testimony.

Lucien counters by addressing the deposition's proposed use as evidence at trial. He urges that he has satisfied the criteria governing whether an inmate should be allowed to attend the trial of his civil rights claims, see Stone v. Morris, 546 F.2d 730 (7th Cir. 1976), and should therefore be permitted to testify in person at the trial.

Without reference to that question, defendants are certainly entitled to conduct a videotaped deposition of Lucien. There is no contention that taking the deposition would contravene the discovery standards of Rule 26(b). Defendants' motion is therefore granted.[1]

It may be a bit premature to rule definitively on the propriety of proceeding at trial without Lucien physically present. Stone (546 F.2d at 735) teaches that "the trial court must weigh the interest of the plaintiff in presenting his testimony in person against the interest of the state in maintaining the confinement of the plaintiff-prisoner." It did not however speak to a videotape deposition, whose specific purpose is to provide the functional equivalent of "testimony in person." In an important sense, then, such a deposition would not require the either-or weighing process described in Stone—both parties' interests could be served without tension.

Thus a preliminary review of the Stone criteria indicates Lucien's interests would likely not necessitate his personal attendance at the trial.[2] All the other testimony will also consist of videotaped depositions to which he presumably will have had access, and as to which he will have been able to confer with his counsel. By definition there can be no unexpected factual issues emerging during trial requiring further on-the-spot consultation. And to the extent (if any) Lucien's consultation might enhance his counsel's ability to address the legal issues involved, that too can be dealt with before the trial. Subject to unanticipated problems encountered in the deposition or in the consultation process, then, it now appears that the trial could proceed with Lucien not physically present, without prejudice to his legitimate interests.

### Conclusion

Defendants' motion for leave to take Lucien's videotaped deposition is granted. De-

---

1. Under Rule 30(b)(4) an order "that the testimony at a deposition be recorded by other than stenographic means ... shall designate the person before whom the deposition shall be taken, the manner of recording, preserving, and filing the deposition, and may include other provisions to assure that the recorded testimony will be accurate and trustworthy." While defendants have identified the manner of recording (videotape), they have not addressed the other provisions of the Rule. Accordingly they are directed to submit a draft order responsive to the requirements of Rule 30(b)(4).

2. If all testimony is by way of videotape deposition, the "trial" concept would embrace simply the playing of the videotapes (subject to evidentiary objections) sandwiched between opening and closing statements. That could advance the trial date considerably, because the flexibility of scheduling (involving only counsel and the Court) would permit the trial to be placed in any available open date on short notice.

fendants' counsel are directed to submit a draft order conforming to the requirements of Rule 30(b)(4) on or before October 28, 1982, and Lucien's counsel is directed to file his comments (if any) on or before November 4, 1982.