334 S.E.2d 643

**STATE ex rel. Orin Bruce BENNETT**

**v.**

**Honorable Thomas KEADLE.**

**No. 16654.**

Supreme Court of Appeals of
West Virginia.

Submitted April 24, 1985.

Decided June 11, 1985.

Rehearing Denied July 10, 1985.

LaVerne Sweeney, Grafton, for relator.

J. Burton Hunter, III, Buckhannon, for respondent.

**BROTHERTON, Justice:**

Due to recent technological advances and diminished equipment costs, videotaped depositions have become a familiar component of pretrial practice in this State. Until now, however, this Court has not had occasion to address the extent of a trial judge's discretion in formulating an order in this area. In this case, we grant a writ of mandamus directing the Circuit Court of Upshur County to amend an order allowing videotaped depositions, and in so doing set out some general guidelines.[1]

The petitioner, Orin Bruce Bennett, filed suit in the Circuit Court of Upshur County, West Virginia, alleging a violation of his civil rights by police officers. In the course of pretrial discovery, Bennett filed a motion to videotape depositions in lieu of stenographic transcription. The motion set out certain procedures that petitioner's counsel proposed to follow in the videotaped depositions, including the following: no court reporter would be present to make a stenographic transcript; the party taking the deposition would provide a typed transcript to the other party for a set fee per page, and a duplicate videotape at cost; and both the notary public administering the oath and the operator of the video equipment could be employees of the attorney for either party to the deposition.

Respondent, Judge Keadle, denied Bennett's motion after a hearing on the issue, but granted him permission to take videotaped depositions in conformity with the procedures outlined in a standing order issued the same day as the denial. Bennett objected to the court's ruling, primarily because it required him to provide a stenographic transcript in addition to the videotape. He asserts that he cannot afford to pay a court reporter. He filed a petition for extraordinary relief with this Court, and we granted a rule to show cause.

■ Petitioner points out that the express purpose of West Virginia Rule of Civil Procedure 30(b)(4) allowing the recording of depositions by other than stenographic means is to allow the parties to minimize costs in situations where the sav-

---

1. Because the respondent granted petitioner's motion to videotape, we are not concerned here with the extent of a trial judge's discretion to grant or deny a motion under W.Va.R.Civ.P. 30(b)(4). That issue has caused considerable controversy in the federal courts interpreting Fed.R.Civ.P. 30(b)(4), which is similar to the West Virginia rule. *Compare Colonial Times,* *Inc. v. Gasch,* 509 F.2d 517, 522 (D.C.Cir.1975), *with UAW v. National Caucus of Labor Comms.,* 525 F.2d 323, 326 (2d Cir.1975). Because this issue is not before us, we note only that there is a divergence of opinion on the federal level, and save a more detailed analysis for an appropriate case.

ings do not undermine the accuracy or trustworthiness of the record produced. He contends that the procedures outlined in his motion were sufficient for this purpose, and that, therefore, Judge Keadle exceeded his authority in denying the motion. It is respondent's position that a trial judge has discretion to grant or deny a motion to videotape, and by the same token to impose reasonable restrictions when granting such a motion. Requiring a stenographic transcript in respondent's view affords an additional check on the accuracy of any videotaped evidence later offered at trial. We conclude that the language and intent of Rule 30(b)(4) give the trial judge considerable discretion in fashioning an order allowing videotaped depositions, but also impose certain restrictions on that discretion. Specifically, the rule does not allow a trial judge to require the party calling and taping the deposition also to pay for a stenographic transcript. We attempt thereafter to give the trial judge some guidance on related issues in the application of Rule 30(b)(4).

█ Before addressing the merits, it is appropriate to explain the reasons for our exercise of original jurisdiction. Discovery orders generally are not reviewable in mandamus or prohibition. *See generally Hinkle v. Black*, 164 W.Va. 112, 262 S.E.2d 744, 746–48 (1979). This Court has, however, granted extraordinary relief where a discovery order presents a purely legal issue in an area where the bench and bar are in need of guidelines and where relief on appeal would not provide a suitable remedy. *See, e.g., State ex rel. Foster v. Luff*, 164 W.Va. 413, 264 S.E.2d 477 (1980). In that case, the Court granted relief from a pretrial order to resolve the issue of addi-

tional expert fees under Code § 51–11–8. Our exercise of original jurisdiction in situations such as these promotes the fair and efficient administration of pretrial discovery in the courts of this State. We note that it is limited to legal issues, which means that the Court will not exercise original jurisdiction in future cases to review the matters addressed in this opinion. Our grant of extraordinary relief was limited similarly in *State ex rel. Foster v. Luff, supra*, 164 W.Va. at 419–420, 264 S.E.2d at 481.

█ The three elements often cited by this Court as requisites to the issuance of a writ of mandamus are present in this case.[2] The petitioner has a clear legal right to an amendment of the videotaping order, as discussed below. Similarly, the respondent has a duty to amend the order, because his order contradicts the plain meaning of Rule 30(b)(4). Most importantly, petitioner has no other adequate remedy. Bennett asserts that he is unable financially to take depositions if he must pay for stenographic transcripts. If he takes no depositions and wins his case, the issue will never reach this Court. If he takes no depositions and loses, presumably he will allege on appeal the same errors presented in his petition. At that point, it would be impossible for this Court to determine whether the omission of the requested depositions was harmless or reversible error. In these circumstances, we exercise our original jurisdiction and grant the writ of mandamus, as moulded.[3]

## I.

█ West Virginia Rule of Civil Procedure 30(b)(4) provides:

**2.** The three elements are: (1) a clear legal right in the petitioner to the relief sought; (2) a legal duty on the part of the respondent to perform the act sought; and (3) the absence of another adequate remedy. *See, e.g., State ex rel. Damron v. Ferrell*, 149 W.Va. 773, 776–77, 143 S.E.2d 469, 472 (1965).

**3.** Both federal and state courts have granted writs of mandamus in Rule 30(b)(4) cases. *See, e.g., Colonial Times, Inc. v. Gasch*, 509 F.2d 517 (D.C.Cir.1975); *Sanchez v. District Court*, Colo., 624 P.2d 1314, 1316–17 (1981). *But see UAW v. National Caucus of Labor Comms.*, 525 F.2d 323,

326 (2nd Cir.1975). In *Colonial Times,* the Court of Appeals for the District of Columbia Circuit, relying on *Schlagenhauf v. Holder,* 379 U.S. 104, 85 S.Ct. 234, 13 L.Ed.2d 152 (1964), exercised what it called "supervisory mandamus" to correct the action of a federal district court in denying a motion to tape record a deposition. The court considered construction of federal Rule 30(b)(4) an important issue, the resolution of which would forestall future error in trial courts, eliminate uncertainty, and add importantly to the efficient administration of justice. 509 F.2d at 524–25.

The court may upon motion order that the testimony at a deposition be recorded by other than stenographic means, in which event the order shall designate the manner of recording, preserving, and filing the deposition, and may include other provisions to assure that the recorded testimony will be accurate and trustworthy. If the order is made, a party may nevertheless arrange to have a stenographic transcription made at his own expense.

This rule is patterned after Rule 30(b)(4) of the Federal Rules of Civil Procedure.[4] Its intent, as noted by the drafters of the federal rule, was to reduce the cost of pretrial discovery:

In order to facilitate less expensive procedures, provision is made for the recording of testimony by other than stenographic means—*e.g.*, by mechanical, electronic, or photographic means. Because these methods give rise to problems of accuracy and trustworthiness, the party taking the deposition is required to apply for a court order. The order is to specify how the testimony is to be recorded, preserved, and filed, and it may contain whatever additional safeguards the court deems necessary.

Fed.R.Civ.P. 30(b)(4) advisory committee note (1970).

■ The drafters of the federal rule, and this Court in adopting the West Virginia Rule, contemplated videotaping or other means of transcription as an alternative, rather than an additional, means for recording a deposition. The statement in the rule that "a party may nevertheless arrange to have a stenographic transcription made at his own expense" expressly places the cost of any duplicate transcription on the party desiring it. The respondent, by ordering the movant to pay for a court reporter in addition to videotaping the deposition, contradicts this express allocation of financial responsibility and we therefore find that portion of respondent's order to be in error.

■ In summary, if a trial judge grants a motion to videotape, he may not also require the moving party to pay for a stenographic transcript. He may, in accordance with the rule, impose safeguards to assure the accuracy and trustworthiness of the record produced. If a party other than the one offering the motion considers such safeguards inadequate, he may retain a court reporter at his own expense. Our conclusion is supported by the cost-saving purpose of Rule 30(b)(4), which would be defeated by a rule that preserved the expense of a court reporter's appearance and transcription fees even when a motion under Rule 30(b)(4) was granted.

## II.

A second issue to be confronted is whether the notary public at a videotaped deposition must be independent of the parties. Petitioner's motion asked Judge Keadle to order that the notary public administering the oath could be an employee of the attorney for either party. The court's order directed only that an oath be administered by a person authorized to do so by law. The potential cost savings in the rule urged by the petitioner are evident. Any savings achieved by not hiring a court reporter to prepare a stenographic transcript would be diminished if petitioner were required to

---

**4.** *See generally* Lugar, *Introduction* to M. Lugar & L. Silverstein, *West Virginia Rules of Civil Procedure* (1960). Fed.R.Civ.P. 30(b)(4), as originally promulgated in 1970, was identical to the West Virginia rule. The federal rule was amended in 1980 to read:

The parties may stipulate in writing or the court may upon motion order that the testimony at a deposition be recorded by other than stenographic means. The stipulation or order shall designate the person before whom the deposition shall be taken, the manner of recording, preserving and filing the deposition, and may include other provisions to assure that the recorded testimony will be accurate and trustworthy. A party may arrange to have a stenographic transcription made at his own expense. Any objections under subdivision (c), any changes made by the witness, his signature identifying the deposition as his own or the statement of the officer that is required if the witness does not sign, as provided in subdivision (e), and the certification of the officer required by subdivision (f) shall be set forth in a writing to accompany a deposition recorded by nonstenographic means.

hire an independent notary public. We must not, however, focus so exclusively on the goal of saving money that we ignore the applicable provisions of the rules of procedure and the legitimate goals they serve.

West Virginia Rule of Civil Procedure 28(a) requires that depositions be taken "before an officer authorized to administer oaths ... or before a person appointed by the court in which the action is pending." Rule 28(c) disqualifies certain parties from being deposition officers: "No deposition shall be taken before a person who is a relative or employee or attorney or counsel of any of the parties, or is a relative or employee of such attorney or counsel, or is financially interested in the action." Thus, in general, a deposition officer who is a notary public must be present to administer the oath, and that officer must be independent of the parties and their counsel.

■ The intent of Rule 28(c) presumably was to interpose a neutral party between the litigants to guarantee the neutrality of the proceedings and the trustworthiness of the record produced. Where appropriate to reduce expenses or otherwise, the trial court may order that any person, including a person employed by a party or a party's attorney will administer the oath. W.Va.R.Civ.P. 28(a). Similarly, the parties may stipulate that depositions will be taken before a person who would otherwise be disqualified by Rule 28(c). W.Va.R.Civ.P. 29. Without impugning the integrity of the litigants or the bar of this State, there undoubtedly are situations in which a "captive" deposition official could cause either real or perceived bias in the conduct of pretrial discovery. We therefore view the requirement of a neutral deposition officer, with the exceptions noted, to be a healthy provision, and one that ought not to be read out of our law lightly. Judge Keadle did not abuse his discretion by refusing to grant petitioner's motion to utilize an employee of any counsel as notary public.

The desired cost savings may be achieved only if the parties can agree on a notary public by stipulation filed with the court, or if the court in its discretion specifies a notary public who is employed by counsel in its videotape order.

### III.

■ Petitioner also moved to use an employee of either party's counsel as the operator of the video equipment. Judge Keadle's order directs that the party taking the deposition supply an operator who will not be participating in the actual interrogation process. Because the order is not specific on this point, we address the issue of whether the operator must be independent. Rule 30(c) provides: "The officer before whom the deposition is to be taken shall put the witness on oath and shall personally, or by someone acting under his direction and in his presence, record the testimony of the witness." The rules have no other criteria for the person recording the testimony, and we see no reason to require that the operator of video equipment in all cases be independent of the parties and their counsel. Rule 30(b)(4) charges a trial judge with formulating an order that will preserve the trustworthiness and accuracy of the transcript under the circumstances of a particular case. Although certain visual effects could be manipulated by a skilled operator, a trial judge can circumscribe such possibilities, if necessary, by appropriate provisions in the pretrial order.[5] Other safeguards that might afford economical alternatives to an independent operator (some of which were included in petitioner's motion and in respondent's standing order) include the recording of a duplicate videotape, use of a monitor that reflects what is being recorded by the video camera at all times during the deposition, use of a tape recorder to prepare a simultaneous audio record, and submission of a typed transcript to the witness for verification in accordance with Rule 30(e). Further, if a party is not satis-

---

**5.** For example, Judge Keadle's standing order included provisions governing the quality of the equipment, the lighting in the room, the angle and adjustment of the camera, "zooming" in and out during the depositions, and procedures to be followed in case the electronic recording was interrupted for any reason.

fied with the procedures ordered, he is free to have a stenographer present at his own expense. W.Va.R.Civ.P. 30(b)(4). We therefore conclude that the operator of video equipment at a deposition need not be independent of the parties and their counsel unless the trial judge determines that no reasonable alternative exists to guarantee the accuracy and trustworthiness of the record produced.[6]

■■■■ As a further observation, we note that in most cases the same person may function as both the recording technician and the deposition official.[7] If this is the case, that person must either satisfy the requirements of Rule 28(c) or be designated in an appropriate stipulation or court order.

### IV.

The drafters of Rule 30(b)(4) wisely refrained from dictating the specifics of an order. The trial court is the best judge of the balance between effective safeguards and efficient administration in a particular set of circumstances. Accordingly, this Court acknowledges respondent's discretion to formulate an order that will protect the accuracy and trustworthiness of the record without imposing undue burdens on the parties or their counsel. In an effort to promote the efficient administration of discovery in this area, however, we make a few additional observations based on concerns expressed by the parties to this case.

■■■■ First, a written transcript of the deposition is advisable. As with any deposition, the rules require transcription if requested by a party. W.Va.R.Civ.P. 30(c). Rule 30(e), requiring examination and reading of the transcript by the witness, contemplates a typed copy, and trial judges may prefer a written transcript when ruling on objections, etc. In addition, a transcript may provide a check on the accuracy of the videotape, and vice versa, if either is introduced at trial. If the deposition is transcribed, the typed copy should be certified and filed with the court in accordance with Rule 30(f). The trial court may order that the original or a duplicate videotape be filed as well, if deemed appropriate to ensure the accuracy of the transcript.

■■■■ Second, although we note the cost-savings rationale for allowing electronic recording of depositions, the drafters did not elevate that consideration to the status of a requirement. Therefore, a movant under Rule 30(b)(4) need not show inability to pay for a stenographic transcript.[8] In fact, actual savings have yet to be established conclusively. One commentator concluded that any real savings of tape-recording or videotaping depositions over stenographic transcription are minimal, assuming that a typed transcript is prepared. *See* Graham, *Nonstenographic Recording of Depositions: The Empty Promise of Rule 30(b)(4)*, 72 Nw.U.L.Rev. 566, 571–75, 585–86 (1977). We take judicial notice, however, of the fact that the circuit courts in this State that have replaced court reporters with tape recorders have experienced a significant reduction in both payroll expense (equipment operator vs. stenogra-

---

**6.** *Accord, Colonial Times, Inc. v. Gasch,* 509 F.2d 517, 522–23 (D.C.Cir.1975); *Marlboro Products Corp. v. North Am. Philips Corp.,* 55 F.R.D. 487, 489–90 (S.D.N.Y.1972). *But see Kallen v. Nexus Corp.,* 54 F.R.D. 610, 613 (N.D.Ill.1972).

**7.** Federal Rule 30(b)(4), after an amendment in 1980, requires that a stipulation or order regarding electronic recording of a deposition designate the person before whom the deposition is to be taken. *See supra* note 4. This provision was added to encourage the naming of the recording technician as that person, thus eliminating the necessity of a person whose only function is to administer the oath. *See* Fed.R.Civ.P. 30(b)(4) advisory committee note (1980).

**8.** The courts of other jurisdictions generally agree with this interpretation. *See, e.g., Colonial Times, Inc. v. Gasch,* 509 F.2d 517, 521 (D.C.Cir.1975). One possible exception is *Perry v. Mohawk Rubber Co.,* 63 F.R.D. 603 (D.S.C.1974), *aff'd mem.,* 529 F.2d 516 (4th Cir. 1976), in which the court denied a motion to videotape *in addition to* stenographic transcription. There the court stated that the moving party had failed to demonstrate any need for videotaping, and that the duplication of recording techniques would increase costs rather than achieve the savings contemplated in the advisory committee note.

pher) and transcription costs.[9] This indicates that similar savings might be achieved through videotaping.

Even without such savings, the videotaped deposition offers many benefits. A jury can hear testimony of unavailable witnesses and observe their demeanor, the tedium of reading depositions into the record at trial can be avoided, and parties can demonstrate immovable evidence such as large machinery.[10] Portions of the testimony to which objections are made and sustained can be edited out of the tape prior to its presentation to a jury. Given these benefits, we believe it would be improper to focus exclusively on the cost-savings rationale, although we hope that application of Rule 30(b)(4) will have the added effect of diminishing expenses.

A final observation is that the parties may avail themselves of Rule 29 to stipulate any deposition procedures that are mutually acceptable, including the use of videotape and the procedures they deem necessary to guarantee the accuracy of the record. In many cases the litigants or their counsel will be more familiar with the creative use and potential abuse of the videotaped deposition than the trial court, and their input in the form either of stipulations or detailed motions and specific objections and counterproposals will be the best source of effective, efficient orders in this area.

We, therefore, grant a moulded writ of mandamus ordering trial court to amend its order regarding videotaped depositions in accordance with the standards set forth in this opinion.

Writ granted, as moulded.

---

9. For a comparative evaluation of the costs to the government of audio recording and official court reporting systems, see J. Greenwood, *A Comparative Evaluation of Stenographic and Audiotape Methods for United States District Court Reporting* (Fed. Judicial Center 1983). That study projected the average annual cost of an audiotape court reporting system at approximately $20,500, compared to $45,500 for an official court reporting system. *Id.* at 68.

10. *See, e.g., Lucien v. McLennand,* 95 F.R.D. 525 (N.D.Ill.1982) (deponent incarcerated); *Farahmand v. Local Properties, Inc.,* 88 F.R.D. 80 (N.D.Ga.1980) (deponent residing in Iran); *United States v. LaFatch,* 382 F.Supp. 630 (N.D.Ohio 1974) (deponent hospitalized); *Carson v. Burlington Northern,* 52 F.R.D. 492 (D.Neb.1971) (immovable steel press alleged to have injured plaintiff demonstrated for jury on videotape).